UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HYDROFLAME PRODUCTION, L.L.C., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-677** |
| **HYDROFLAME TECHNOLOGIES, L.L.C., ET AL.** | **SECTION I** |

### ORDER AND REASONS

Before the Court is a motion to remand filed by plaintiffs, HydroFlame Production, L.L.C. ("Production") and Donald W. Doyle, Jr.[1] Defendants, HydroFlame Technologies, L.L.C. ("Tech"), James Landry ("Landry"), and Dandina N. Rao ("Rao"), oppose[2] the motion. For the following reasons, plaintiff's motion to remand is **GRANTED**.

### *BACKGROUND*

In 2008, the parties entered into a joint venture to commercialize technology that facilitates the production of what is known in the industry as "heavy oil."[3] One party, Tech, which owned the patent for the HydroFlame process, would develop and test the products and the other party, Production, would market and distribute the products.[4] On October, 17, 2008, the parties executed an agreement (the "License Agreement") in which Tech granted an

---

[1] R. Doc. No. 7.
[2] R. Doc. No. 13.
[3] Id.
[4] Id.

1

exclusive license to Production to own, use, sell, lease and/or distribute the HydroFlame products.[5]

On March 22, 2011, plaintiffs filed a petition in state court alleging that defendants had breached terms of various agreements, including the License Agreement, between Production and Tech.[6] Defendants removed the action to this Court on March 28, 2011, on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.[7] Defendants argue that plaintiffs' claims arise under federal law because such claims necessarily implicate patent issues.[8] On April 5, 2011, plaintiffs filed a motion to remand.

## *STANDARD OF LAW*

**I. Motion to Remand**

United States District Courts have original subject matter jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] plaintiff is master of his complaint and may generally allege only a state law cause of action even where a federal remedy is also available." Bernhard v. Whitney Nat. Bank, 523 F.3d 546, 551 (5th Cir. 2008). "Under this 'well-pleaded complaint' rule, a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." Id.

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal statute

---

[5] Id.
[6] R. Doc. No. 1-2.
[7] R. Doc. No. 1.
[8] Id.

is strictly construed. Sea Robin Pipeline Co. v. New Medico Head Clinic Facility, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D.La. Aug. 14, 1995) (Clement, J.) (quoting York v. Horizon Fed. Sav. & Loan Ass'n, 712 F.Supp. 85, 87 (E.D.La.1989) (Feldman, J.)).  When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., 99 F.3d 746, 751 (5th Cir. 1996).  Doubts concerning removal are to be construed against removal and in favor of remand to state court. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

**II. Patent Law Jurisdiction**

28 U.S.C. § 1338 provides that federal courts have original jurisdiction over civil actions "arising under any Act of Congress relating to patents."  "A district court's federal-question jurisdiction…extends over only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law in that federal law is a necessary element of one of the well-pleaded claims." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809 (1988) (citation and quotation marks omitted).  "Under the well-pleaded complaint rule, as appropriately adapted to § 1338(a), whether a claim arises under patent law must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." Id. (citation and quotation marks omitted).  Furthermore, "[i]f on the face of a well-pleaded complaint there are reasons completely unrelated to the provisions and purposes of the patent laws why the plaintiff may or may not be entitled to the

relief it seeks, then the claim does not 'arise under' those laws." Id. (citation and quotation marks omitted).

## *DISCUSSION*

Plaintiffs' petition alleges three causes of action pursuant to state law: (1) defendants, Landry and Rao, "intentionally and actively interfered with the agreements between Tech and Production, resulting in economic damages arising from Production's inability to manufacture and market HydroFlame products";[9] (2) declaratory relief in the form of a declaration that Production possesses an exclusive right to own, use, sell, and distribute HydroFlame products; that Production has the current right to manufacture HydroFlame products; that compensation due to Tech from Production's sale or lease of HydroFlame products equals 5% of gross revenue, but no less than $50,000; and that influx of new funds in 2010 resulted in a lawful dilution of the membership interests of Rao and Landry in both Tech and Production;[10] and (3) injunctive relief to prevent defendants from entering into agreements with third parties that would impair the rights granted to Production by the parties' agreements.[11]

Since none of the causes of action contained in plaintiffs' petition are created by federal law, the issue before this Court is whether plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law in that federal law is a necessary element of one of the well-pleaded claims. Christianson, 486 U.S. at 809. Defendants claim that a declaration stating "Production has the current right to manufacture HydroFlame products" will require an interpretation of patent law. Defendants seemingly argue that because patents grant the patent owner the right to exclude others from manufacturing the invention, determining

---

[9] R. Doc. No. 7-2, p. 10.
[10] Id. at p.11.
[11] Id.

4

whether Production has the current right to manufacture HydroFlame products will require the Court to consider the scope of defendants' patent protection.

Defendants mischaracterize the nature of plaintiffs' cause of action. Plaintiffs do not dispute that the scope of the patent owned by defendants encompasses the right to exclude others from manufacturing HydroFlame products.[12] Rather, plaintiffs assert that defendants granted that right to plaintiffs based on a provision of the License Agreement that states, "[Tech] and [Production] further agree that, in the event [Tech] seeks to license the right to manufacture HydroFlame Products, [Production] shall be granted the exclusive license with respect thereto."[13] Plaintiffs' right to relief is dependent on whether plaintiffs' reading of the business agreements is correct and not whether defendants' patent protection extends to the manufacturing rights now asserted to exclusively belong to plaintiffs. In other words, plaintiffs' right to relief is a question of contract interpretation, not a question of patent law. Accordingly, since interpretation of patent law is not a necessary element of any of plaintiffs' state law claims, the Court finds that plaintiffs' claims do not "arise under" federal law. See Bonzel v. Pfizer, Inc., 439 F.3d 1358, 1363 (Fed. Cir. 2006) (stating that a contract action did not "arise under" patent law just because the nature of the contract was a patent license); Board of Regents v. Nippon Telephone & Telegraph Corp., 474 F.3d 1358, 1364-65 (Fed. Cir. 2005) (finding that plaintiff's contract and tort claims did not "arise under" patent law because there was no issue regarding construction or scope of the patent).[14]

For the foregoing reasons,

---

[12] R. Doc. No. 7-1, p.8 ("And there is no dispute that the HydroFlame patent owned by Tech covers the products that plaintiffs seek to use, manufacture and distribute.").
[13] R. Doc. No. 7-2, p.18.
[14] The Court finds that the cases cited by defendants to be distinguishable as the claims in those cases necessitated determining the scope of the underlying patents.

**IT IS ORDERED** that the motion[15] for remand is **GRANTED** and this case is remanded because of a lack of subject matter jurisdiction to the Civil District Court for the Parish of Orleans, State of Louisiana.

**IT IS FURTHER ORDERED** that plaintiffs' motions[16] for leave to file a reply memorandum in support of their motion for remand are **DISMISSED AS MOOT**.

New Orleans, Louisiana, April 18, 2011.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[15] R. Doc. No. 8.
[16] R. Doc. Nos. 15, 16.